Thank you, Your Honor. And, in fact, the bulk of my oral arguments were to share with you what I just shared with you, which is the apologies of my client, myself, and my firm for the delay in notifying you about the settlement. We actually aren't going to argue the merits of the case today because we are so committed to complying with the terms of the settlement agreement that we believe it's moot at this point to spend any more time on the merits of the case. So we're actually willing to voluntarily dismiss our appeal. Well, maybe to avoid the exchange of paper, do you agree that there is nonetheless we would nonetheless issue a essentially pro forma enforcement order so that there is something at that point? Certainly, Your Honor. We're willing to actually dismiss our appeal. So to the extent that is the relief the Board is seeking, I think that might get us where we need to go. And I'm standing in front of you. I gather you've had the time to read the settlement agreement. It's actually very favorable. We've conceded to basically everything. So I'm not concerned with that. Okay. Thank you. Thank you for your time. Do you have anything more? I'll just say one final thing, Your Honor. I am prepared to argue the merits of the case if the Court has questions. But I think the overall point, which is conveyed in the Board's brief, is that this is a case that really involves a host of unfair labor practices. As I said, most of them are uncontested. Now they're not contested at all. I'm sorry? And now they're not contested at all. That's correct. So what else is there? What do you want to drive home, Counselor? Just the fact that in the settlement agreement, the company has waived its right to contest any aspect of the Board's order and the underlying findings in the event that it does not. What do you want us to do with it? Do you want us to incorporate it in some kind of decree? What are you asking for? No, Your Honor. I mean, I'd ask that the Court allow the process of settlement to run its course. All right. So if it runs its course, we're told that they're going to dismiss their appeal. If they dismiss their or their petition. If they do that, are we finished? You suggested before that we're not finished. If they comply with the settlement, every aspect. And they dismiss their petition. Is that the end of it? Yes. We will also agree to dismiss our appeal as well. So this citation before about you're entitled to an enforcement order even if there's a settlement seems not to be true. No. Your Honor, when what the settlement agreement sets out is that the company's petition for review will be dismissed with prejudice, and the Board's petition we would seek dismissal without prejudice in the event that for whatever reason there was a resumption of an unfair labor practice. Well, essentially everything you said before was a kind of a smoke and mirrors because, in fact, if this is complied with, we don't have anything to issue an order  At this time, that's correct, Your Honor. Although, you know, as I said, under a settlement agreement, if there's any sort of resumption of the unfair labor practice after the settlement, the Board can come in and seek enforcement. But Your Honor is correct that that would be more of a ministerial sort of request for enforcement. Thank you both. Thank you. Sort of. We will the case of W.G. Hunter, Rock 10 Services.
judges: ALARCON, FISHER, BERZON